CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 AUG 21 PM 1:43

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANGEL ALEMAN, Institutional ID No. 78430, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. 5:16-CV-207-BQ |
| LUBBOCK POLICE DEPARTMENT, *et al.*, | ) ) ) ) | ECF |
| Defendant(s). | ) ) | |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was referred to the undersigned magistrate judge by order dated November 16, 2016. ECF No. 9. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The court determined that Aleman's claim against Officer Ross Quarles for excessive use of force regarding the duration of the police dog's bite survived preliminary screening.[1] ECF No. 21. Consequently, the court ordered that the Defendant be served and file an answer or otherwise respond to the Complaint. *Id.* Defendant Quarles filed his Answer on July 27, 2017. ECF No. 24. As of today's date, the Defendant has not consented to jurisdiction of the magistrate judge. Having disposed of all remaining non-dispositive issues, and upon review of Defendant's Answer, it is the opinion of the undersigned that this matter must be transferred to the district court for further proceedings.

---

[1] In his Complaint, Aleman also asserted a claim for excessive use of force against Officer Quarles for his decision to release the dog. *See* Compl., at 4 (ECF No. 1). Aleman further alleged that the Lubbock Police Department lacks control over its officers and has a history of police brutality, and is thus liable for Officer Quarles's actions. *Id.* The court dismissed both of these claims. ECF No. 19.

1

I.  **Background**

On August 20, 2016, Lubbock Police Department (LPD) officers responded to a domestic violence call at Aleman's home in Lubbock, Texas. Aleman allegedly assaulted his wife and then hid in a nearby field when she called the police. After LPD Officer Quarles discovered Aleman in the field, Aleman alleges Officer Quarles released a K-9 unit police dog (Oolaf) on him in violation of the Fourth Amendment. Oolaf latched onto Aleman's arm and, despite Officer Quarles's commands otherwise, failed to release his bite for over two minutes, resulting in injury. Aleman seeks monetary damages for pain, suffering, and mental anguish. Compl., at 4.

I.  **Aleman's excessive force claim against Officer Quarles in regard to the duration of Oolaf's bite survives preliminary screening under 28 U.S.C. § 1915, and the undersigned recommends that the district court enter a scheduling order with respect to that claim.**

To prevail on an excessive force claim, Aleman must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citing *Harper v. Harris Cty.*, 21 F.3d 597, 600 (5th Cir. 1994)). Aleman's claim requires the court to examine two aspects of the incident: (1) Officer Quarles's decision to release Oolaf in attempting to take Aleman into custody; and (2) the duration of Oolaf's bite. The court has dismissed Aleman's claim in regard to Officer Quarles's decision to release Oolaf. *See* Order of Dismissal, at 4–7 (ECF No. 19).

Although the court found that Aleman failed to state a non-frivolous § 1983 claim regarding Officer Quarles's decision to release Oolaf, its resolution of that question is not dispositive as to whether the duration of the bite constitutes excessive force. *See Escobar v. Montee*, 3:15-CV-1962-D, 2016 WL 397087, at *8 (N.D. Tex. Feb. 2, 2016) ("[E]ven where deploying a dog to bite and hold a suspect is reasonable, an officer may use excessive force by

2

allowing the dog to continue biting and holding a suspect who has ceased to pose a threat to fight or flee."). Courts have found excessive force where dogs used in apprehending suspects have held a bite for durations ranging from under a minute to as long as five to seven minutes. *See, e.g., id.*; *see also Cooper v. Brown*, 844 F.3d 517, 524 (5th Cir. 2016) (holding that officer "permitting a dog to continue biting a compliant and non-threatening arrestee is objectively unreasonable"). These determinations, however, are dependent on case specific facts, facts that have yet to be developed here.[2]

In this case, video footage from Officer Quarles's body camera shows that Oolaf bit and held Aleman's arm for almost two-and-a-half minutes. The footage also documents Officer Quarles's apparent verbal attempts to have Oolaf release Aleman, and Oolaf failing to do so. Aleman's allegations and the current state of the record present a sufficient factual basis for an excessive force claim based on the duration of Oolaf's bite to survive preliminary screening. Matters necessitating further development, and which may ultimately determine whether such force meets constitutional muster, include determining what options are available to an officer when a dog refuses to obey a command (some of which Officer Quarles identifies in his Answer), which options Officer Quarles considered and/or implemented, and what the Fourth Amendment requires in implementing such options under the specific circumstances faced by Officer Quarles, e.g., effectuating the arrest in a dark and remote location, encountering a suspect who initially fails to follow commands, dealing with spectators gathering around the scene, allowing time to conduct an adequate search for weapons, etc.

---

[2] The court expresses no opinion as to the alleged unlawfulness of Officer Quarles's actions by finding that this claim should proceed beyond initial screening, and nothing in this order constitutes an adverse finding as to his conduct.

## II. Recommendation and Order

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order with respect to Aleman's claim of excessive force against Officer Quarles with regard to the duration of Oolaf's bite. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:16-CV-207-C.

## IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 21, 2017

/s/ D. Gordon Bryant, Jr.
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE